REQUESTED BY: Alfonza Whitaker, Director Nebraska Equal Opportunity Commission
You requested our opinion as to whether the Nebraska Equal Opportunity Commission [NEOC] can serve a charge of discrimination by publication. Neb. Rev. Stat. § 20-326 (1)(b)(ii) (1997) states: The commission shall, not later than ten days after such filing. . . . serve on the respondent a notice identifying the alleged discriminatory housing practice and advising such respondent of the procedural rights and obligations of respondents under the act, together with a copy of the original complaint.
In your request, you stated the following information:
 1. That the tenants of the respondent mail their rent payments to a post office box.
 2. That the United States Post Office provided NEOC with a street address of the holder of the post office box.
Alfonza Whitaker, Director, Nebraska Equal Opportunity Commission
 That the Sheriff's Department attempted service, but was unable to verify the address as being correct and was unable to contact the respondent.
 That NEOC contacted the Corporate Division of the Secretary of State and found that it did not have a street address for the owners or the registered agent, only a post office box number.
Section 20-326(1)(b)(ii) prescribes no particular form of service. It only states that notice needs to be given to the respondent that a charge has been filed. In Ventura v. State, 517 N.W.2d 368, 246 Neb. 116 (1991), the Nebraska Supreme Court held that "where the Legislature has intended for service to be executed as a summons in civil cases, it has specifically stated so within the statute." In the instant case, there is nothing in the statute indicating that service be made by summons and nothing that prohibits service by publication. If the NEOC has not yet attempted service by certified mail to the respondent's post office box, however, it is recommended that such service be attempted. Service by certified mail is not only a preferred method under Neb. Rev. Stat. § 25-501(1)(c) (1995), regarding service of summons, but is an effective way to ensure actual notice to the respondent. Neb. Rev. Stat. § 25-517.02
(1995), regarding substitute and constructive service, states: Upon motion and showing by affidavit that service cannot be made with reasonable diligence by any other method provided by statute, the court may permit service to be made (1) by leaving the process at the defendant's usual place of residence and mailing a copy by first-class mail to the defendant's last-known address, (2) by publication, or (3) by any manner reasonably calculated under the circumstances to provide the party with actual notice of the proceedings and an opportunity to be heard. Alfonza Whitaker, Director, Nebraska Equal Opportunity Commission If service by certified mail to the respondent's post office box is not successful, service may be made by publication. To help ensure that the respondent is provided with actual notice of the proceedings and an opportunity to be heard, it is recommended that the NEOC also provide notice by first-class mail to the respondent's post office box(es) and post notice at the respondent's building which is the subject of the charge.
 Sincerely, DON STENBERG Attorney General
 Delores N. Coe-Barbee Assistant Attorney General